UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIE PATRICK HUNTER,

          Petitioner,

v.                               Case No. 2:19-cv-702-JES-NPM

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, and
ATTORNEY GENERAL, STATE OF
FLORIDA,

          Respondents.

---

## ORDER OF DISMISSAL

This matter is before the Court on Petitioner Willie Patrick Hunter's ("Hunter's" or "Petitioner's") 28 U.S.C. § 2254 petition for writ of habeas corpus. (Doc. 1). Hunter, who is incarcerated within the Florida Department of Corrections, challenges his state court convictions in case numbers 88CF01544, 88CF01545, 89CF13044, and 91CF01608. (Id. at 1). The sentences on these cases are fully expired. However, Hunter is currently serving concurrent sentences of thirty years and life in prison as a habitual felony offender on later convictions for burglary and grand theft. (Doc. 1 at 17).

Respondent filed a limited response to Hunter's petition, asking the Court to dismiss it as time-barred. (Doc. 9 at 5). However, upon careful review of the petition, response, and exhibits, the Court concludes that it will not consider *the*

petition's timeliness because it must be dismissed without prejudice for lack of jurisdiction.   See Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (recognizing that federal courts are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking").   Namely, the Court finds that Hunter is no longer in custody on the convictions in case numbers 88CF01544, 88CF01545, 89CF13044, and 91CF01608.   And, to the extent he challenges the sentences imposed in his later burglary and grand theft convictions, the petition is successive.

## I.   **Background**

On February 3, 1989, Hunter pleaded guilty in Lee County case numbers 88CF01544 and 88CF01545 to two counts of second degree robbery and one count of resisting or obstructing an officer. (Doc. 1 at 1; Doc. 9-2 at 2, 6).   The trial court sentenced Hunter to a total term of four and a half years in prison.   (Doc. 1 at 1; Doc. 9-2 at 3-4, 7-9).   On October 1, 1989, Hunter pleaded guilty in Pinellas County case number 89CF13044 to one count of escape, and the trial court sentenced him to one year and one day in prison. (Doc. 1 at 1; Doc. 9-2 at 11, 13).   On October 2, 1991, Hunter pleaded guilty to two counts of uttering a forged instrument in Lee County case number 91CF01608, and the trial court sentenced him to concurrent terms of 18 months in prison.   (Doc. 1 at 1; Doc. 9-2 at 16-21).   Hunter did not appeal any of the convictions or seek other postconviction relief in state court.   (Doc. 1 at

2, 3, 5).  A review of the Department of Corrections' website confirms that Hunter is no longer incarcerated on any of these crimes.  (Doc. 1 at 5).[1]

Hunter mailed his habeas petition to the Clerk's Office on September 20, 2019.  (Doc. 1 at 19).

## II.  **Discussion**

Hunter argues that he was "legally innocent" of the crimes to which he pleaded guilty in case numbers 88CF01544, 88CF01545, 89CF13044, and 91CF01608 (collectively, "first convictions") because there was a viable defense of voluntary intoxication that his attorney failed to recognize.  (Doc. 1 at 15).  Therefore, he asserts, his defense counsel provided ineffective assistance by advising him to enter guilty pleas.  (Id.)

### A.  **Hunter is no longer "in custody" under the sentences imposed in the first convictions.**

To file a cognizable 28 U.S.C. § 2254 petition, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Supreme Court has interpreted this language "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  If the petitioner does not satisfy

---

[1]                                                                    See http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=114956&TypeSearch=AI ("FDOC Offender Network/114956").

the "in custody" requirement of § 2241(c)(3), his petition must be dismissed for lack of subject matter jurisdiction. <u>See</u> <u>Stacey v. Warden, Apalachee Corr. Inst</u>, 854 F.2d 401, 403 (11th Cir. 1988)(recognizing that the petitioner must be in custody for the district court to have subject matter jurisdiction over a habeas petition attacking his conviction).

On page one of his petition, Hunter clearly challenges his first convictions.  (Doc. 1 at 1).  The sentences imposed in those convictions have been fully served, and they are no longer subject to attack in a habeas petition.  Therefore, to the extent this petition attacks <u>only</u> Hunter's first convictions, the Court lacks jurisdiction to consider it.

Hunter acknowledges that he is no longer in custody on the first convictions.  (Doc. 1 at 5).  However, he argues that the first convictions were used to "trigger the HFO [life sentence]" received for his subsequent robbery and burglary convictions in case numbers 82-2963, 92-2964, 92-2965, 92-2966, 92-2923, 92-967,[2] 94-621, 94-689, and 94-738 (collectively, "second convictions"). (<u>Id.</u> at 17).

---

[2] Case numbers 92-2923 and 92-967 do not show up in Hunter's sentence history on the Florida Department of Corrections website. However, listed under his sentencing history are case numbers 92-923 and 92-2967, and it appears that Petitioner merely misplaced the number 2 when drafting this petition.  <u>See</u> FDOC Offender Network/114956.

In Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court addressed the question of "whether § 2254 provides a remedy where a current sentence was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence has fully expired." Id. at 401. Coss was convicted in 1986 of several crimes and sentenced to two consecutive terms of six months to one year in prison. Id. at 399. In 1990—after completing his sentences on the 1986 convictions—Coss was convicted of another crime and sentenced to six to twelve years in prison. Id. at 399. Thereafter, Coss filed a § 2254 petition attacking one of the 1986 convictions. Id. The Supreme Court liberally construed Coss's petition as actually attacking the 1990 conviction on the ground that it was enhanced by the allegedly invalid 1986 conviction. Id. at 401–02. Therefore, the Supreme Court found that Coss satisfied § 2241(c)(3)'s "in custody" requirement. Id. at 402.

Applying the reasoning in Lackawanna, the Court will liberally construe Hunter's petition as attacking the sentencing enhancements applied in his second convictions so that he satisfies § 2241(c)(3)'s "in custody" requirement.[3] However, even under

---

[3] Even if he clears the "in custody" hurdle, Hunter's petition may fail for another reason. Hunter acknowledges that he did not challenge on direct appeal or through any other state postconviction proceeding the four first convictions currently at issue. (Doc. 1 at 5.) Language in Lackawanna suggests that this omission may bar this petition. The Lackawanna Court stated that

such a liberal interpretation of the pleadings, the Court does not have jurisdiction to consider this petition.

**B.    Hunter already filed a 28 U.S.C. § 2254 petition attacking the second convictions.**

On June 14, 1999, Hunter filed a 28 U.S.C. § 2254 petition attacking all but one[4] of the second convictions he now argues were illegally enhanced. ( See Case No. 2:99-cv-514-RAL, ECF No. 1 ("1999 petition")).[5]   The 1999 petition was dismissed with prejudice on as time-barred June 12, 2000. (Id. at ECF No. 12). Hunter does not state that he obtained leave from the Eleventh Circuit to file a successive petition.    See 28 U.S.C. §

---

"once a state conviction is no longer open to direct or collateral attack in its own right . . . the defendant generally may not challenge the enhanced sentenced through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Id. at 403-04.   This Court need not consider the applicability of (or exceptions to) this rule here because, as explained in text infra, to the extent he challenges his second convictions, Hunter's petition is successive.

[4] Hunter did not challenge case number 92-923 in his 1999 petition.   This conviction was for grand theft and Hunter was sentenced to five years in prison on July 29, 1994. See FDOC Offender Network/114956.   This conviction, standing alone, cannot save the instant petition from dismissal as successive because the five-year sentence would have expired before Hunter filed the instant federal habeas petition on September 20, 2019, rendering Hunter not "in custody" when he filed the petition.   (Doc. 1 at 18).

[5] In his first habeas petition attacking his second convictions, Hunter erroneously assigned case number 92-2067 to actual case number 92-2967.   Given that 92-2967 was the last of a sequential list of case numbers (and Petitioner was never convicted under a case number 92-2067), this was clearly a typing error. (See Case 2:99-cv-514-RAL at ECF No. 1, p. 3); FDOC Offender Network/114956.

2244(b)(3)(A) (requiring approval from the court of appeals "[b]efore a second or successive application . . . is filed in the district court[.]").  Without leave from the Eleventh Circuit, "the district court lacks jurisdiction to consider a second or successive habeas petition." Pavon v. Att'y Gen. Fla., 719 F. App'x 978, 979 (11th Cir. 2018) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)); see also Selden v. Warren, 799 F. App'x 810, 811 (11th Cir. 2020) (affirming the district court's dismissal for lack of jurisdiction because the habeas petition was successive).

The Court recognizes that the term "second or successive" is not self-defining and that not all habeas applications filed after the first are per se successive. Panetti v. Quarterman, 551 U.S. 930, 943-44 (2007); Stewart v. United States, 646 F.3d 856, 860 (11th Cir. 2011).  However, Hunter asserts no facts or claims that fall within the "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 863. Therefore, the petition must be dismissed without prejudice for lack of jurisdiction.

### III. Conclusion

To the extent Hunter challenges only his first convictions, the Court cannot consider this petition because his sentences on those convictions were fully expired when he filed the petition, and as a result, he was not "in custody" under § 2241(c)(3).

7

Therefore, the petition must be dismissed without prejudice for lack of jurisdiction.

Even if the Court liberally construes the petition as attacking the sentencing enhancements in Hunter's second convictions, the case must still be dismissed without prejudice to allow Hunter an opportunity to first seek authorization from the Eleventh Circuit before lodging a second challenge to his current incarceration. See Gill v. Warden, 801 F. App'x 676, 680–81 (11th Cir. 2020) (affirming the district court's dismissal of Gill's petition as successive when he challenged a sentence that was enhanced based on an earlier conviction with a fully expired sentence).

Section 2244(b)(2) limits the circumstances under which the appellate court will authorize filing a second or successive habeas corpus petition, and 28 U.S.C. § 2244(d) imposes a time limit on filing a habeas corpus petition.  In seeking relief in the Eleventh Circuit, Hunter should consider these provisions.

Accordingly, it is now **ORDERED**:

1.   Willie Patrick Hunter's 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1) is **DISMISSED without prejudice for lack of jurisdiction**.

2.   The **Clerk** is **DIRECTED** enter judgment, deny as moot any pending motions, close this case, and send Hunter an "Application for Leave to File a Second or Successive

Habeas Corpus Petition 28 U.S.C. § 2244(b) by a Prisoner in State Custody" form.[6]

**DONE AND ORDERED** in Fort Myers, Florida on March 21, 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:  FTMP-2

Copies to:  Parties of Record
Encl:       Form

---

[6] A certificate of appealability, typically required for appeals from a final order of a habeas proceeding, is not required for an appeal of an order dismissing a petitioner's filing for lack of jurisdiction.  See 28 U.S.C. § 2253(c); Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).